Honorable Jamal N. Whitehead

UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF WASHINGTON

AT SEATTLE

AUSTIN BEAULIER, individually and on behalf of all those similarly situated,

Plaintiff,

v.

MICROSOFT CORPORATION,

Defendant.

Case No. 2:26-cv-01031-JNW

**MICROSOFT CORPORATION'S REPLY IN SUPPORT OF MOTION TO DISMISS**

Noted for Hearing: August 3, 2026

***ORAL ARGUMENT REQUESTED***

MICROSOFT CORP.'S REPLY IN SUPPORT OF
MOTION TO DISMISS
No. 2:26-cv-01031-JNW

ORRICK, HERRINGTON & SUTCLIFFE LLP
401 Union Street, Suite 3300
Seattle, Washington 98101-2668
+1 206 839 4300

**TABLE OF CONTENTS**

**Page**

I.      INTRODUCTION ...................................................................................................1

II.     ARGUMENT ........................................................................................................1

    A.    The Complaint Does Not Plausibly Allege That Microsoft—Or Anyone
          Else—Removed CMI From Copies of Works (Counts I and II).................1

    B.    The Complaint Fails To Plausibly Allege That Microsoft Distributed
          Copies Of Works With CMI Removed (Count II). ...................................5

    C.    The Complaint Fails To Plausibly Allege § 1202's "Double-Scienter"
          Requirement. ..........................................................................................6

III.    CONCLUSION .....................................................................................................8

MICROSOFT CORP.'S REPLY IN SUPPORT OF
MOTION TO DISMISS
No. 2:26-cv-01031-JNW

i

ORRICK, HERRINGTON & SUTCLIFFE LLP
401 Union Street, Suite 3300
Seattle, Washington  98101-2668
+1 206 839 4300

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*A'Lor Int'l, Ltd. v. Tappers Fine Jewelry, Inc.*,
 No. CV 12-02215-RGK, 2012 WL 12921035 (C.D. Cal. Aug. 8, 2012) ...............................4

*Bell Atl. Corp. v. Twombly*,
 550 U.S. 544 (2007) ...............................................................................................................3

*Broam v. Bogan*,
 320 F.3d 1023 (9th Cir. 2003) ...............................................................................................2

*In re Century Aluminum Co. Sec. Litig.*,
 729 F.3d 1104 (9th Cir. 2013) ...............................................................................................2

*Concord Music Grp., Inc. v. Anthropic Pbc*,
 No. 24-cv-03811-EKL, 2025 WL 4808984 (N.D. Cal. Oct. 6, 2025) ................................7, 8

*Doe 1 v. GitHub, Inc.*,
 672 F. Supp. 3d 837 (N.D. Cal. 2023) ....................................................................................7

*Dolls Kill, Inc. v. Zoetop Bus. Co.*,
 No. 22-cv-1463, 2022 WL 16961477 (C.D. Cal. Aug. 25, 2022).............................................4

*Eclectic Props. E., LLC v. Marcus & Millichap Co.*,
 751 F.3d 990 (9th Cir. 2014).................................................................................................2

*Elf-Man, LLC v. Cariveau*,
 No. 13-cv-0507RSL, 2014 WL 202096 (W.D. Wash. Jan. 17, 2014) ....................................2

*Entrepreneur Media, LLC v. Meta Platforms, Inc.*,
 No. 25-cv-09579-VC, 2026 WL 898253 (N.D. Cal. Mar. 30, 2026)......................................6

*New York Times Co. v. Microsoft Corp.*,
 777 F. Supp. 3d 283 (S.D.N.Y. 2025) ................................................................................7, 8

*The Intercept Media, Inc. v. OpenAI, Inc.*,
 767 F. Supp. 3d 18 (S.D.N.Y. 2025) .....................................................................................7

*Whitaker v. Tesla Motors, Inc.*,
 985 F.3d 1173 (9th Cir. 2021)...............................................................................................3

**Statutes**

17 U.S.C. § 1202(b) .........................................................................................................1, 4, 5, 6

MICROSOFT CORP.'S REPLY IN SUPPORT OF
MOTION TO DISMISS
No. 2:26-cv-01031-JNW

ii

ORRICK, HERRINGTON & SUTCLIFFE LLP
401 Union Street, Suite 3300
Seattle, Washington  98101-2668
+1 206 839 4300

## I.   INTRODUCTION

Beaulier's Complaint is replete with allegations about "disregard[ing]" usage restrictions and "failure to preserve" CMI. As Microsoft's motion shows, however, these are not legally recognized bases for his § 1202 claims. Beaulier's opposition does not dispute this. Instead, the opposition pivots to suggesting that the Complaint's non-cognizable allegations are "alternative" pleading that the Court can ignore. The problem, as Microsoft explained in its motion, is that little remains after removing allegations about "disregard[ing]" or "fail[ure] to preserve" CMI. Beaulier is thus reduced to relying on conclusory assertions that CMI was removed and defending a Complaint quite different from the one he filed. Beaulier also fails to defend the Complaint's theory that a § 1202(b)(3) distribution claim can be predicated not on actual distribution, but on "otherwise using" a copy of a work with CMI removed.

Beaulier's concessions confirm that dismissal is appropriate. When so much of a Complaint is based on factual allegations that do not violate a statute and that the plaintiff does not bother defending, the Complaint fails to plausibly state a claim. Because the Complaint fails to plausibly allege the acts of removal or distribution necessary, Count I (CMI Removal) and Count II (Distribution of CMI-Stripped Works) should be dismissed. *Infra* §§ II.A, B.

Both claims also fail for the independent reason that Beaulier fails to allege that any removal of CMI would facilitate or conceal copyright infringement. Beaulier points to nothing in the Complaint that even attempts to provide the sort of modus operandi or pattern of conduct showing that copyright infringement is the objectively likely result of CMI removal in the context of either Beaulier's works or a Microsoft AI model created for research purposes. *Infra* § II.C. The Complaint should be dismissed.

## II.   ARGUMENT

### A.   The Complaint Does Not Plausibly Allege That Microsoft—Or Anyone Else— Removed CMI From Copies of Works (Counts I and II).

Microsoft's motion showed that Beaulier's claims should be dismissed because he fails to allege that Microsoft (or anyone else) has engaged in any act of removal of CMI, as required for claims under § 1202(b)(1) and (b)(3). Mot. 6-10. Beaulier's attempts to show otherwise fail.

**1.** Dozens of times, the Complaint suggested that "failure to preserve" CMI or to comply with "usage restrictions" could violate § 1202(b)(1). *E.g.*, Compl. ¶¶ 1, 3-4, 6-7, 13-14, 39-40, 42, 44-49, 53, 56-59, 61-62, 78-79, 87-88, 100-104, 106-107, 110, 112, 116, 120-128, 137(e)-(f), 141, 145, 148-150, 161, 165, 168, Prayer for Relief ¶¶ (b)-(d). Beaulier now attempts to distance the Complaint from those allegations, downplaying their significance by accusing Microsoft of playing "word games," while he asks the Court to ignore "the non-liability version of events." Opp. 10-11.

Far from playing "word games," Microsoft is only adhering to the time-honored rule that the allegations in a Complaint are the only things that count, not post-hoc arguments in opposition to a motion to dismiss. *See Broam v. Bogan*, 320 F.3d 1023, 1026 n.2 (9th Cir. 2003) (explaining that, at the pleading stage, "a court may not look beyond the complaint to a plaintiff's moving papers, such as a memorandum in opposition to a motion to dismiss"). Simply put, § 1202 does not impose liability for the theories Beaulier's Complaint most prominently highlighted, *e.g.*, Compl. ¶ 101 (alleging CMI was "removed, *failed to be preserved, or otherwise disregarded*") (emphasis added), and Beaulier cannot fault Microsoft for pointing it out.

Beaulier says he is allowed to plead "alternative" theories, but that is not the problem here. Opp. 11 & n.7. A plaintiff pleads himself out of court when the same set of allegations is "consistent with" an innocent alternative. Mot. 9 (quoting *In re Century Aluminum Co. Sec. Litig.*, 729 F.3d 1104, 1108 (9th Cir. 2013)); *accord Eclectic Props. E., LLC v. Marcus & Millichap Co.*, 751 F.3d 990, 998-99 (9th Cir. 2014). Beaulier tries to get around that rule by quoting the portion of *Century Aluminum* that posits that a complaint can survive a motion to dismiss when "there are two alternative explanations, one [innocent one] advanced by *defendant* and the other [unlawful one] advanced by *plaintiff*," Opp. 11 n.7, but that again is not what is happening here. Microsoft is not advancing an alternative version of events. The Complaint tells the entire story and itself offers the lawful explanation that Microsoft may have simply "failed to preserve" CMI, rather than removing it. As this Court has observed, a plaintiff fails to state a claim even when his "alternative pleading of the facts" is that there is no liability. *Elf-Man, LLC v. Cariveau*, No. 13-cv-0507RSL, 2014 WL 202096, at *1-4 (W.D. Wash. Jan. 17, 2014).

MICROSOFT CORP.'S REPLY IN SUPPORT OF
MOTION TO DISMISS
No. 2:26-cv-01031-JNW

2

ORRICK, HERRINGTON & SUTCLIFFE LLP
401 Union Street, Suite 3300
Seattle, Washington 98101-2668
+1 206 839 4300

**2.** In any event, Beaulier's leftover allegations are insufficient to state a removal claim. As Microsoft explained, the Complaint fails to plausibly allege that there was CMI in some location and that Microsoft actively removed CMI from that place. Mot. 8-10. Beaulier claims that the Complaint "repeatedly alleges what the statute requires," Opp. 10 (citing Compl. ¶¶ 5, 13-14, 44-45, 87-90, 101-08, 143-51, 160-64). But it would be more accurate to say that the Complaint repeatedly parrots the language of the statute, which is not enough "to advance to discovery." *Whitaker v. Tesla Motors, Inc.*, 985 F.3d 1173, 1177 (9th Cir. 2021). One need only look at the paragraphs Beaulier cites to see just how conclusory his assertions of CMI "stripping" and "active[] remov[al]," are, Compl. ¶¶ 5, 14—he uses these words, but never plausibly alleges underlying facts establishing how, when, or from where removal purportedly occurred. Demanding more is not asking for "discovery-level details" within Microsoft's control, *contra* Opp. 9; it is what *Twombly* requires. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 558 (2007).

The non-conclusory facts Beaulier does allege do not show that anyone, much less Microsoft, removed CMI from any of his works. Mot. 8-10. The key paragraph, which appears on Page 6 of Beaulier's Opposition, includes enough detail to look substantial, but again fails to answer the key question: Where was the CMI located and how did Microsoft remove the CMI from that place? Beaulier starts by pointing to the allegation that he uploaded his works with CMI onto platforms such as Sketchfab, Opp. 6. Beaulier does not say here where the CMI was located on Sketchfab, but elsewhere allows that it is merely "in close proximity to the works," for example on "creator accounts," "work pages," or "machine-readable NoAI tags," Opp. 9. Back on page 6, Beaulier then points to allegations that the Objaverse-XL database of 3D models "preserved *references to the original source files*, source repositories, and creator accounts from which the models were obtained," Opp. 6 (emphasis added). And finally, he cites allegations that Microsoft "allegedly used these datasets" (i.e., Objaverse), Opp. 6, and after obtaining works processed them "through machine-learning pipelines," *id.*

The problem is that the Complaint does not allege that Microsoft would ever have needed to remove any CMI from its "close proximity" to 3D models in order to obtain a copy of a 3D model that lacked that CMI. If CMI is located in a metatag on the Sketchfab platform, or in some

field in a "creator account," and Microsoft obtained works simply by clicking an Objaverse-XL "reference to the original source file[]," it did nothing at all to any CMI.  It just downloaded a file from a link, conduct that in no sense constitutes "removal" within that term's plain meaning. Beaulier fails to allege that any CMI was located in any particular place from which it would have had to be removed, and otherwise includes no direct allegation of any act of removal.  That leaves him unable to raise any inference that Microsoft or anyone else removed CMI from the "creator accounts" or "metadata" or "license fields" where he claims it was located.

**3.**  Beaulier resists this conclusion by suggesting that a claim might lie under § 1202(b)(1) if a defendant engages in an "intentional, … carefully crafted omission" that "severs the connection between the expressive content and the accompanying CMI."  Opp. 6.  To begin with, this is impossible to square with Beaulier's implicit concession that his allegations of "failure to preserve" CMI cannot state a claim.  Opp. 10-13.  Failing to preserve something and omitting it are synonymous.  Beaulier's omissions argument also cannot be squared with the statutory text requiring removal, nor with case law holding that the statute "does not prohibit merely omitting CMI ...."  Mot. 7 (quoting *Dolls Kill, Inc. v. Zoetop Bus. Co.*, No. 22-cv-1463, 2022 WL 16961477, at *3 (C.D. Cal. Aug. 25, 2022)).

Beaulier says *Dolls Kill* is different because that case involved "non-identical imitation products, leaving the court to speculate as to whether any CMI had ever been removed."  Opp. 7. That is no distinction.  The Complaint says repeatedly that the ingested 3D works are "transformed," Compl. ¶¶ 97-99, 145, which makes for an even stronger case for dismissal than in *Dolls Kill*.  Beaulier's effort to distinguish *A'Lor Int'l, Ltd. v. Tappers Fine Jewelry, Inc.*, No. CV 12-02215-RGK (VBKx), 2012 WL 12921035 (C.D. Cal. Aug. 8, 2012), falters for the same reason.  There, too, omission from an entirely new work was insufficient to give rise to an inference of removal.  Opp. 7.

Beaulier downplays the requirement that § 1202 imposes liability only for removing CMI from an "identical copy of the original work," calling the issue "unsettled" and noting that "courts have regularly rejected a rigid identicality rule" at the pleading stage.  Opp. 7-8.  But this is not about any "rigid identicality" rule.  Cases like *Dolls Kill* rest on the commonsense holding that

MICROSOFT CORP.'S REPLY IN SUPPORT OF
MOTION TO DISMISS
No. 2:26-cv-01031-JNW

4

ORRICK, HERRINGTON & SUTCLIFFE LLP
401 Union Street, Suite 3300
Seattle, Washington  98101-2668
+1 206 839 4300

where, under the facts and circumstances alleged in the Complaint, there is no plausible inference of conduct directed toward CMI, a plaintiff fails to state a claim. Sometimes, as in those cases, differences between the underlying work and defendant's own content destroy any inference of removal. Here, the inference of removal is destroyed by Beaulier's failure to allege a place where CMI was located and from which it was allegedly removed.

In any event, all of this is largely beside the point. Nowhere does the Complaint allege some carefully calibrated, deliberate omission of CMI designed to sever CMI from an expressive work. So even if Beaulier's atextual and unsupported omissions theory were legally viable, it is not plausibly alleged.

**B.     The Complaint Fails To Plausibly Allege That Microsoft Distributed Copies Of Works With CMI Removed (Count II).**

Beaulier's claim under § 1202(b)(3) fails for the independent reason that the Complaint does not allege Microsoft distributed a copy of Beaulier's works. Mot. 10-11. The statute explicitly requires that a defendant "distribute … copies of works … knowing that [CMI] has been removed or altered." 17 U.S.C. § 1202(b)(3). Microsoft's motion showed that "otherwise using" a CMI-stripped copy is not distribution, and that at best Beaulier alleged that Microsoft released its curated dataset of 3D assets called TRELLIS-500K with links to the models, rather than the 3D models themselves. Mot. 10-11 (citing Compl. ¶ 108).

Beaulier now all but concedes that "otherwise using" a CMI-stripped copy is not distribution. Opp. 13. But he contends that the Complaint adequately pleads distribution because it pleads that Microsoft "distributed the resulting CMI-stripped *copies or representations* through TRELLIS, TRELLIS.2, TRELLIS-500K, and related commercial AI systems, developer platforms, and enterprise technologies." Opp. 13 (citing Compl. ¶¶ 12-14, 79-88, 105-112, 145-151, 160-164) (emphasis added). Notice the sleight of hand in the phrase "copies or representations": the former is not alleged in the Complaint at all, and the latter is not covered by § 1202(b)(3).

Moreover, none of the paragraphs Beaulier cites contains any *facts* that support the inference that Microsoft distributed his works—not through TRELLIS-500K and certainly not

MICROSOFT CORP.'S REPLY IN SUPPORT OF
MOTION TO DISMISS
No. 2:26-cv-01031-JNW

5

ORRICK, HERRINGTON & SUTCLIFFE LLP
401 Union Street, Suite 3300
Seattle, Washington  98101-2668
+1 206 839 4300

through TRELLIS or TRELLIS.2.  The Complaint identifies no instance of any such transfer. Beaulier says that he "need not identify the precise technical form of each copy or each downstream transfer before discovery."  Opp. 13.  Beaulier's problem, however, is that he alleges *no* distribution of *any* copy.  The Complaint alleges only distribution of assets "suitable for machine-learning research and development" that "omit[]" or "no longer preserve[]" CMI, Compl. ¶¶ 110-12, which the Complaint elsewhere alleges must be "transform[ed]" from their originals, Compl. ¶¶ 97-99.  A transformed version of a 3D model with unpreserved CMI is not distribution of a copy of a work knowing that CMI has been removed.  Beaulier therefore fails to state a claim within the meaning of § 1202(b)(3).

**C.      The Complaint Fails To Plausibly Allege § 1202's "Double-Scienter" Requirement.**

Microsoft's motion also showed that both claims fail for the independent reason that the Complaint cannot satisfy § 1202(b)'s "double scienter" requirement under *Stevens*.  Mot. 11-13. Beaulier argues that this standard cannot be resolved at the pleading stage and then contends he "plausibly alleges intentional removal" and "knowledge that removal would induce, enable, facilitate, or conceal infringement."  Opp. 14-19.  The case law and Complaint show otherwise.

**1.**  Beaulier's threshold argument is that *Stevens* cannot be resolved at the pleading stage. Opp. 14-15.  But Beaulier does not dispute that the *Stevens* standard—which goes to the second of the scienter requirements—demands an objective showing of a likelihood of infringement that does not turn on state of mind.  Mot. 12.  Beaulier also fails to address case law showing that courts can and do resolve whether a Complaint plausibly satisfies the *Stevens* standard at the pleading stage.  Mot. 12-13 (citing cases).  Against that backdrop, Beaulier's single citation to a case that declined to resolve arguments about the "factual basis [for] … scienter" at the pleading stage with no analysis offers no help.  Opp. 14 (quoting *Entrepreneur Media, LLC v. Meta Platforms, Inc.*, No. 25-cv-09579-VC, 2026 WL 898253, at *2 (N.D. Cal. Mar. 30, 2026)).

**2.**  Beaulier also fails to show that he has satisfied either of the two independent scienter requirements.  First, Beaulier does not dispute that "an incidental byproduct of AI training" will not satisfy the first scienter requirement of intentional removal; instead, he says that it would be improper for "the Court to draw Microsoft's preferred inference [about] a proprietary technical

MICROSOFT CORP.'S REPLY IN SUPPORT OF
MOTION TO DISMISS
No. 2:26-cv-01031-JNW

6

ORRICK, HERRINGTON & SUTCLIFFE LLP
401 Union Street, Suite 3300
Seattle, Washington  98101-2668
+1 206 839 4300

process before discovery," i.e., that removal of CMI is an inherent byproduct of training.  Opp. 14.  That is not "Microsoft's preferred inference"; that is all Beaulier has alleged.  *Supra* §§ II.A, B.  He points to nothing that would raise an inference of intentional conduct directed toward CMI, rather than mere incidental conduct that disregarded it.

None of Beaulier's cases help him avoid dismissal on this ground.  Most importantly, none of the plaintiffs in those cases pleaded that CMI separation is just an "inherent" result of a defendant's training of an AI model.  Compl. ¶¶ 96-103.  Quite the opposite: *Doe 1* involved a defendant that allegedly "trained" and "designed" programs to specifically remove CMI.  *Doe 1 v. GitHub, Inc.*, 672 F. Supp. 3d 837, 858 (N.D. Cal. 2023).  Similarly, *New York Times* and *The Intercept* addressed allegations that the defendant "intentionally ... chose not to extract author and title information," and allegations that "described the algorithms" that were used to omit CMI from those copies.  *New York Times Co. v. Microsoft Corp.*, 777 F. Supp. 3d 283, 315 (S.D.N.Y. 2025); *The Intercept Media, Inc. v. OpenAI, Inc.*, 767 F. Supp. 3d 18, 29-30 (S.D.N.Y. 2025).  *Concord* does not even address this issue because the defendant there did "not … challenge the first scienter requirement."  *Concord Music Grp., Inc. v. Anthropic Pbc*, No. 24-cv-03811-EKL, 2025 WL 4808984, at *4 (N.D. Cal. Oct. 6, 2025).  Indeed, to read those cases is to see what sort of detailed allegations Beaulier's Complaint lacks.

Beaulier also includes the drive-by assertion that "[t]he Complaint plausibly alleges an intentional design choice."  Opp. 15.  What this "design choice" is Beaulier never says.  He also cites nothing in the Complaint supporting the assertion or otherwise explaining what it means. This contention should therefore be ignored.

**3.**  As for the requirement of an objective likelihood of infringement, Beaulier hinges his argument on the notion that Microsoft infringed by "violat[ing] or exceed[ing]" the licenses governing his works when Microsoft allegedly used them for AI training, and thus that the "CMI removal [during training] plausibly conceal[s] [Microsoft's] own alleged infringement."  Opp. 17-18.  This is a non sequitur.  The Complaint contains nothing explaining how the absence of, say, a NoAI tag would somehow conceal a license breach.  It also fails to plausibly allege the flipside—that the presence of CMI would somehow disclose something that is otherwise kept

under wraps, enabling Beaulier to detect infringement. Indeed, Beaulier does not even suggest that he relies upon CMI to police infringement in any context, let alone that both infringement and detection are likely in this context. Those gaps underscore why Beaulier's efforts to distinguish Microsoft's authorities fail. *See* Opp. 17-19 (attempting to distinguish *Tremblay, Harrington, Philpot, and Mills*). The plaintiffs in those cases offered little more than threadbare assertions of scienter, and Beaulier does no better.

The cases Beaulier invokes underscore the point. They all involved AI products that allegedly regurgitated verbatim works without CMI, a contention that is lacking here. *See Concord*, 2025 WL 4808984, at *4 (allegations that defendant's co-founders acknowledged regurgitation risk); *Kadrey*, 2025 WL 744032, at *2 (allegations that defendant knew AI product was "especially prone to memorizing and generating outputs of CMI unless CMI was removed from its training data") (citation omitted); *New York Times*, 777 F. Supp. 3d at 316 (allegations that defendant "admi[tted] that its products regurgitate material in response to user prompts"). However plausible it may be in the scenario identified in those cases that the absence of CMI could make some material difference to the detection of infringement, Beaulier does not allege the same factual predicates here.

### III.   CONCLUSION

For the foregoing reasons, the Complaint should be dismissed because it fails to state a claim for relief.

The undersigned certify that this memorandum contains 2,961 words, in compliance with the Local Civil Rules.

MICROSOFT CORP.'S REPLY IN SUPPORT OF
MOTION TO DISMISS
No. 2:26-cv-01031-JNW

8

ORRICK, HERRINGTON & SUTCLIFFE LLP
401 Union Street, Suite 3300
Seattle, Washington 98101-2668
+1 206 839 4300

Dated: August 3, 2026

ORRICK, HERRINGTON & SUTCLIFFE LLP

By: *s/Mark S. Parris*
Mark S. Parris (WSBA No. 13870)
mparris@orrick.com

*s/Deidre Farrell*
Deirdre Farrell (WSBA No. 61977)
Deidre.Farrell@orrick.com
401 Union Street, Suite 3300
Seattle, WA  98101-2668
Telephone:  +1 206 839 4300
Facsimile:  +1 206 839 4301

*s/Christopher Cariello*
Christopher Cariello (Admitted *Pro Hac Vice*)
ccariello@orrick.com
51 West 52nd Street
New York, NY 10019
Telephone:  + 1 212 506 3778
Facsimile:  +1 212 506 5151

*Attorneys for Defendant Microsoft Corporation*

MICROSOFT CORP.'S REPLY IN SUPPORT OF MOTION TO DISMISS
No. 2:26-cv-01031-JNW

9

ORRICK, HERRINGTON & SUTCLIFFE LLP
401 Union Street, Suite 3300
Seattle, Washington  98101-2668
+1 206 839 4300